680

No. 35,824

THE STATE OF KANSAS, *Appellee*, v. (Clifford Sassman et al., *Defendants*) THE TRUSTEES OF BAKER UNIVERSITY, *Appellants*.

(135 P. 2d 882)

Opinion filed April 10, 1943.

*Floyd A. Sloan*, of Topeka, argued the cause, and *E. R. Sloan, W. Glenn Hamilton* and *Eldon R. Sloan*, all of Topeka, were on the briefs for the appellants.

*Ward Martin*, county attorney, argued the cause, and *A. B. Mitchell*, attorney general, was on the briefs for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: The question in this case is whether the statutory responsibility of an owner of real property for a liquor nuisance maintained thereon rests upon one who holds the legal title thereto but who has contracted to sell the property and has delivered possession of it to his vendee.

On and prior to May 18, 1940, the trustees of Baker University owned some twenty-six town lots in Topeka. On three of these lots was an old streetcar which the trustees did not own, but which was occupied by one Sassman, apparently on sufferance. On that date the trustees contracted to sell the twenty-six town lots to defendants Roy Gilbert and O. A. Gilbert. The terms of sale were $2,000—of which $200 was paid in cash, and the balance was to be paid at $20 per month, with interest at 6 percent. One provision of the contract read:

"It is understood and agreed that the streetcar now located on this property is to be considered as the personal property of its occupant and is not being conveyed or included in this contract."

Sassman and one Myers maintained a liquor nuisance in the old streetcar. The county attorney notified the trustees of that fact. Their agent notified Gilbert, to whom they had contracted to sell

the property and to whom they had delivered possession. But neither the agent of the trustees nor Gilbert did anything towards the abatement of the nuisance. Consequently the county attorney brought the statutory action against everybody concerned, including the trustees, and judgment was rendered as prayed for, with costs,. including the prosecuting attorney's fee, charged against the property.

The trustees of the university assign error in the judgment which subjected them to liability under the circumstances. The pertinent provisions of statute are G. S. 1935, sections 21-2130 et seq., which may be briefly summarized: Section 21-2130 declares that any place where intoxicating liquors are sold or where persons are permitted to resort for the purpose of drinking such liquors is a nuisance. Section 21-2131 authorizes and requires the county attorney to bring proceedings to abate it. Some succeeding sections need not be noticed, but section 21-2136 reads:

"If a tenant of a building or tenement uses such premises, or any part thereof, in maintaining a common nuisance as hereinbefore defined, or knowingly permits such use by another, such use shall render void the lease under which he holds, and shall cause the right of possession to revert to the owner or lessor, who may, without process of law, make immediate entry upon the premises, or may avail himself of the remedy provided for the forcible detention thereof."

And section 21-2137 reads:

"Anyone who knowingly permits any building or tenement owned or leased by him or under his control, or any part thereof, to be used in maintaining a common nuisance, or, after being notified in writing of such use, omits to take all reasonable measures to eject therefrom the person so using the same, shall be deemed guilty of assisting in maintaining such nuisance."

It is argued for the appellant board of trustees that the paragraph of the statute last quoted does not cover the situation of the defendant board. They had no control of the property. They merely held the legal title. They had parted with possession under a lawful contract of sale, which gave them no right of reëntry unless the Gilberts should make default in payment of the deferred monthly installments on the purchase price.

While counsel for the trustees argue correctly that the status of landlord and tenant does not define the relationship of the trustees to the Gilberts or to Sassman and Myers, as contemplated by section 21-2136, we think the status of trustees was that of owners of the property, since they held the legal title and by far the greater

equitable interest in the property at the time this judgment was rendered. Indeed, since the suppression of liquor nuisances is a police measure of primary importance in the state's public policy, and that policy was declared many years ago, it is quite accurate to say that one of the responsibilities attaching to the legal or equitable ownership of property in this state is to see to it that no liquor nuisance is permitted thereon; and that the contract of sale between the defendant trustees and the Gilberts must be regarded as having been made in contemplation of this long-established state policy.

We can see no way to exempt the defendant board of trustees from the statutory liability or to relieve them of the judgment without indulging in niceties of interpretation which would soon rise to plague us, and which we have no moral right to make under the plain and all-inclusive language of the statute.

The judgment is affirmed.

HOCH, J., not sitting.